**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| LAM, HOA H., | ) Bankruptcy Case |
| | ) No. 11-13911-BFK |
| Debtor. | ) |
| | ) Chapter 7 |

**APPLICATION OF TRUSTEE FOR AUTHORITY
TO EMPLOY SALES AGENT, AUCTIONEER AND AUCTION FIRM**

H. Jason Gold, the Chapter 7 Trustee for the above-captioned debtor, by his undersigned counsel, hereby makes this application ("Application") for authority to employ a sales agent, auctioneer and auction firm, pursuant to 11 U.S.C. § 327, and in support of his Application states to the Court as follows:

1. On May 26, 2011 (the "Petition Date"), Hoa H. Lam (the "Debtor") commenced this bankruptcy case by the filing of her voluntary petition under chapter 7 of the United States Bankruptcy Code. H. Jason Gold was subsequently appointed as chapter 7 trustee (the "Trustee").

2. Among the assets in this case is a $100,000 promissory note dated July 23, 2010 payable to the Debtor and made by Applied Innovation Group, Inc. ("Note"). A copy of the Note is attached hereto as Exhibit "A."[1]

---

[1] The Stock Purchase Agreement referenced in paragraph 3 of the Note as being attached as Exhibit 1 to the Note was not attached to the Note that is in the Trustee's possession.

H. Jason Gold, Va. Bar No. 19117
Alexander M. Laughlin, Va. Bar No. 25237
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800
*Counsel to the Chapter 7 Trustee*

3. In connection with the execution and delivery of the Note, the Debtor recorded a UCC Financing Statement with the California Secretary of State on July 29, 2010 ("Central UCC-1"). A copy of the Central UCC-1 is attached hereto as Exhibit "B." In addition, the Debtor also filed a UCC Financing Statement with the Santa Clara County, California Clerk on August 6, 2010 ("County UCC-1", and together with the Central UCC-1, the "Financing Statements"). A copy of the County UCC-1 is attached hereto as Exhibit "C".

4. The Financing Statements state that they "cover the following collateral: Any and all of APPLIED INNOVATION GROUP, INC.'S assets, computers, manufacturing equipment, office equipment, office furniture, and inventory."

5. The Note provides for payment in the amount of $3,000 monthly starting on July 1, 2013.

6. The Note further provides that it matures on April 1, 2016.

7. The Trustee has determined that it is in the best interests of the estate and its creditors to sell the Note. In conjunction with this Application, the Trustee intends on filing a motion seeking the approval of the auction of the Note that will permit Stephen Karbelk ("Auctioneer") of AmeriBid, LLC ("Auction Firm") to seek a final buyer for the Note ("Sale Motion").

8. As will be set forth in the Sale Motion, the Trustee believes that the best and highest value to the Debtor's estate will be recognized by a sale of the Note either through a private sale brokered by the Auctioneer and the Auction Firm ("Private Sale") or through an in-Court auction of the Note. The Sale Motion will provide that the sale of the Note will remain subject to final approval by this Court following a report to the Court of the results of the Private Sale efforts and a subsequent motion to approve that Private Sale.

9. The Sale Motion will also provide that notwithstanding that the Trustee may receive an offer to purchase the Note via the Private Sale, that the Trustee recognizes that another entity may wish to out-bid that potential purchaser and that such a higher and more favorable bid for the Note would be in the best interests of the estate and the creditors.

10. Accordingly, any offer to purchase the Note by Private Sale will be subject to higher and better offers and the Trustee, in conjunction with the Auctioneer and Auction Firm, will seek subsequent Court approval to approve the Private Sale ("Subsequent Approval Motion") and provide notice of the Subsequent Approval Motion to all creditors and parties in interest.

11. In order to market and sell the Note for maximum benefit to the estate and its creditors, it is necessary to employ the services of a licensed auction firm.

12. Based on the foregoing, the Trustee desires to employ the Auctioneer and the Auction Firm to advertise, market and conduct a sale of the Note. The Auctioneer has reviewed the Note and believes that an auction represents the best method for sale of the Note.

13. The Auctioneer has extensive experience in bankruptcy court approved sales and auctions and is intimately familiar with these types of sales, the potential market for note buyers, and auctions. In addition, based on the Auctioneer's experience in bankruptcy sales, he also has extensive insight into the market for distressed assets and bankruptcy court ordered sales.

14. The Trustee has chosen the Auctioneer and the Auction Firm because of its significant experience and success in the conduct of auction sales of this type.

15. Subject to Court approval, the terms of engagement proposed by the Auction Firm provide for the Auction Firm to recover a commission of 20% of the bid price.

16. In addition, the Auction Firm will be reimbursed for expenses not to exceed a total of $1,000.00, including advertising and marketing, out of the proceeds of the sale.

17. The fees charged and payable to the Auction Firm are ordinary and customary with respect to the services proposed to be provided, and shall serve as full and final compensation for all services rendered.

18. The Trustee represents that the Auctioneer and Auction Firm are qualified to conduct the proposed auction of the Note, that they possess the requisite skills and competence to generate fair market value for the Note proposed to be sold, and that the fees for services are reasonable.

19. The Auction Firm will provide to the Trustee a detailed accounting of all costs incurred. All payments to the Auction Firm shall be made only out of the sale proceeds received.

20. The Auctioneer and Auction Firm have been informed and understand that no sale may be consummated until after notice and a hearing with Court approval.

21. The Trustee believes that the employment of the Auctioneer and Auction Firm on the terms and conditions provided for herein is in the best interest of the estate.

22. The Trustee is satisfied from the Declaration of the Auction Firm that the Auctioneer is a disinterested person within the meaning of 11 U.S.C. § 101(14).

23. To the best of the Trustee's knowledge, neither the Auctioneer nor the Auction Firm represent an interest adverse to the Trustee or the bankruptcy estate, and have no connection with the Debtor, the creditors, other parties in interest, the United States Trustee, or anyone employed by the United States Trustee.

24. The Trustee seeks to employ the Auctioneer and Auction Firm pursuant to 11 U.S.C. § 327.

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) authorizing the Trustee's employment of the Auctioneer and Auction Firm on the terms and conditions outlined in this Application; and (ii) granting such other and further relief as the Court deems just and proper.

                              Respectfully submitted,

                              H. JASON GOLD, TRUSTEE

                              By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia  22102
Telephone:  (703) 905-2800
Facsimile: (703) 905-2820

By:    /s/ Alexander M. Laughlin
        H. Jason Gold, Va. Bar No. 19117
        Alexander M. Laughlin, Va. Bar No. 25237

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of August 2012, the foregoing Application, its accompanying Declaration, and proposed Order were served via U.S. mail, postage prepaid upon:

>Office of the United States Trustee
>115 South Union St., Suite 210
>Alexandria, Virginia 22314
>
>Tung V. Pham, President and Registered Agent
>Applied Innovation Group, Inc.
>1867 Little Orchard Street
>San Jose, California  95125

>/s/ Alexander M. Laughlin
>Alexander M. Laughlin

13472431.5