**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LAM, HOA H., | ) | Bankruptcy Case |
| | ) | No. 11-13911-BFK |
| Debtor. | ) | |
| | ) | Chapter 7 |

**TRUSTEE'S MOTION TO AUTHORIZE SALE OF PROMISSORY NOTE**

COMES NOW H. Jason Gold, the chapter 7 trustee ("Trustee") by and through his undersigned counsel, Wiley Rein LLP, and files this Motion to Authorize the Sale of Promissory Note ("Motion"),[1] and in support thereof respectfully states as follows:

## I. Preliminary Statement

Among the assets in this case is a $100,000 promissory note dated July 23, 2010 made by Applied Innovation Group, Inc. and payable to the Debtor ("Note"). The Note provides for payment in the amount of $3,000 monthly, but those payments do not start until July 1, 2013 and the Note does not mature until April 1, 2016. Given the timeframe for the commencement of the payments and the maturity date, the Trustee has determined that it is in the best interests of the estate and its creditors to sell the Note and complete the administration of this bankruptcy estate. The Note is the only asset that the Trustee is administering.

[1] In accordance with Local Rule 9013-1(G)(1), the Motion and memorandum in support thereof are combined in a single pleading.

H. Jason Gold, Va. Bar No. 19117
Alexander M. Laughlin, Va. Bar No. 25237
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800
*Counsel to the Chapter 7 Trustee*

## II. Jurisdiction and Venue

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are sections 105(a), 363 and 542 of the Bankruptcy Code.

## III. Background

3. On May 26, 2011 (the "Petition Date"), Hoa H. Lam (the "Debtor") commenced this bankruptcy case by the filing of her voluntary petition under chapter 7 of the United States Bankruptcy Code. H. Jason Gold was subsequently appointed as chapter 7 trustee (the "Trustee").

4. The only asset that the trustee is administering is the Note. A copy of the Note is attached hereto as Exhibit "A."[2]

5. In connection with the execution and delivery of the Note, the Debtor recorded a UCC Financing Statement with the California Secretary of State on July 29, 2010 ("Central UCC-1"). A copy of the Central UCC-1 is attached hereto as Exhibit "B."

6. In addition, the Debtor also filed a UCC Financing Statement with the Santa Clara County, California Clerk on August 6, 2010 ("County UCC-1", and together with the Central UCC-1, the "Financing Statements"). A copy of the County UCC-1 is attached hereto as Exhibit "C."

---

[2] The Stock Purchase Agreement referenced in paragraph 3 of the Note as being attached as Exhibit 1 to the Note was not attached to the Note that is in the Trustee's possession.

7. The Financing Statements state that they "cover the following collateral: Any and all of APPLIED INNOVATION GROUP, INC.'S assets, computers, manufacturing equipment, office equipment, office furniture, and inventory."

**V. The Proposed Sale**

8. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate."

9. In connection with this Motion, the Trustee has filed his Application of Trustee for Authority to Employ Sales Agent, Auctioneer and Auction Firm seeking the approval of the employment of Stephen Karbelk ("Auctioneer") of AmeriBid, LLC ("Auction Firm") to seek a final buyer for the Note either by way of private sale or at an in-Court auction.

10. Based on his prior experience as a trustee and the assessment of the Auctioneer and the Auction Firm, the Trustee believes that the best and highest value to the Debtor's estate will be recognized by a sale of the Note either through a private sale brokered by the Auctioneer and the Auction Firm ("Private Sale") or through an in-Court auction of the Note.

11. The sale of the Note will remain subject to final approval by this Court following a report to the Court of the results of the Private Sale efforts and a subsequent motion to approve that Private Sale.

12. Notwithstanding that the Trustee may receive an offer to purchase the Note via the Private Sale, the Trustee recognizes that another entity may wish to out-bid that potential purchaser and that such a higher and more favorable bid for the Note would be in the best interests of the estate and the creditors.

13. Accordingly, any offer to purchase the Note by Private Sale will be subject to higher and better offers and the Trustee, in conjunction with the Auctioneer and Auction Firm, will seek subsequent Court approval to approve the Private Sale ("Subsequent Approval Motion") and provide notice of the Subsequent Approval Motion to all creditors and parties in interest. In addition to the notice that the Trustee will provide as required under the Federal Rules of Bankruptcy Procedure and the Local Rules, the Auction Firm will place the Notice of Hearing of the Subsequent Approval Motion on its website.

14. Upon the approval of the sale of the Note by this Court, the Trustee will transfer the Note in "AS IS, WHERE IS" condition via restrictive endorsement on the original Note and without recourse or representation ("Restrictive Endorsement"). [3]

## VI. Relief Requested

15. The Trustee requests that the Court enter an Order (i) authorizing the sale and transfer of the Note via the Restrictive Endorsement and the delivery of executed UCC-3 Assignments for filing by the highest bidder at that bidder's own expense.

16. **Property for Sale:** $100,000 Promissory Note dated July 23, 2010 and assignment of UCC-1 financing statements.

17. **Interest Being Sold:** All of the Trustee's right, title, and interest in and to the Note and assignment of UCC-1 Financing Statements.

18. **Type of Sale:** Private sale or live in-Court auction.

---

[3] Following the approval of the sale of the Note and final Court approval of the sale and transfer of the Note, the Trustee will endorse the original Note as follows: "PAY TO THE ORDER OF [____________] IN AS IS, WHERE IS BASIS, WITH ALL FAULTS AND WITHOUT REPRESENTATIONS, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE, AND WITHOUT WARRANTIES, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE AND WITHOUT RECOURSE, EXPRESS OR IMPLIED, OF ANY TYPE, KIND, CHARACTER OR NATURE."

19. **Minimum Sales Price:** $10,000.

20. **Purchaser:** The purchaser will be the highest bidder for the Note.

21. **Time and Place of Settlement:** Within ten (10) business days of approval by this Court of the Private Sale or the in-Court auction. Settlement will be finalized by use of electronic funds transfer and the execution and overnight delivery of original documents.

22. **Liens:** Schedule D identifies no liens against the Note. Further, the Trustee is aware of and has identified no liens asserted against the Note.

23. **Debtor's Exemptions:** The Debtor has claimed a $1.00 exemption with respect to the Note.

24. **Net Sale Proceeds To Be Distributed To All Creditors:** The Trustee expects to distribute the net sale proceeds to creditors upon approval of a final report in this case.

25. **Tax Consequences to Estate by Sale:** The Trustee does not expect any tax consequences to the estate as a result of this sale.

26. **Net Sale Proceeds Estimated To Be Paid To The Estate:** The Trustee estimates that net sale proceeds (before payment of Trustee compensation and legal expenses, which will be sought at a later date) will be approximately $5,000.

## VII. Applicable Authority

A. Sale is Authorized Pursuant to 11 U.S.C. § 363(b).

27. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed sale represents the exercise of reasonable business judgment by the Trustee. *See In re Meredith,* 2005 WL 3763840 at *1 (Bankr. E.D. Va.

2005); *WBQ Partnership v. Va. Dept. Of Med. Assistance Services (In re WBQ Partnership*), 189 B.R. 97 (Bankr. E.D.Va. 1995).

28. In determining whether a sale satisfies the business judgment standard, courts in this District consider four elements: (i) a sound business reason or emergency justifying the sale; (ii) good faith; (iii) adequate and reasonable notice; and (iv) a fair and reasonable purchase price. *WBQ Partnership*, 189 B.R. at 102. The proposed sale satisfies this standard.

29. A sound business purpose exists to consummate the sale. To comply with his statutory duties, the Trustee is required to liquidate the estate's assets for the benefit of creditors. *In re Meredith*, 2005 WL 3763840 at *3.

30. The unsecured debt scheduled in this Case is $228,691.13. But for the estate's interests in the Note, there are no assets for the Trustee to administer and the Debtor's unsecured creditors would not receive any distribution. As a result, the initial minimum bid of $10,000 should provide a return to the Debtor's unsecured creditors. Accordingly, a business purpose exists to authorize the sale.

31. This Motion, and a related Notice of Hearing will be served upon the maker of the Note, all creditors, and parties in interest in this Case.[4] Thus, the maker of the Note, the creditors and parties in interest will be notified of the terms and conditions of the sale of the Note and transfer of the Financing Statements, the time for filing objections, and the hearing on approval of the sale. *See, e.g., WBQ Partnership*, 189 B.R. at 103, *citing In re Karpe*, 84 B.R. 926, 929 (Bankr. M.D. Pa. 1988). Moreover, this Motion and the Notice of Hearing will provide "notice that is reasonably calculated, under the circumstances, to apprise an interested party of the

[4] In addition, the Subsequent Approval Motion and the Notice of Hearing on the Subsequent Approval Motion will be served upon the maker of the Note, all creditors, and parties in interest in this Case.

pendency of an action." *In re Snug Enterprises, Inc.*, 169 B.R. 31, 33 (Bankr. E.D. Va. 1994) *citing Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314-15, 70 S.Ct. 652, 657-58, 94 L.Ed. 865 (1950).

32. The sale of the Note through a Private Sale by the Auctioneer and the Auction Firm or by the in-Court auction of the Note is in the best interests of the Debtor's estate and its creditors and should be approved.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order (i) authorizing the sale and transfers of the Note, either by Private Sale or in-Court auction, via the Restrictive Endorsement by and the assignment of the Financing Statements by the delivery of executed UCC-3 Assignments and such other and further relief as it may deem just and proper.

Respectfully Submitted,

H. JASON GOLD, TRUSTEE

By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
Telephone: (703) 905-2800
Facsimile: (703) 905-2820

By: /s/ Alexander M. Laughlin
H. Jason Gold, Va. Bar No. 19117
Alexander M. Laughlin, Va. Bar No. 25237

*Counsel to the Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of August 2012, the foregoing Trustee's Motion to Authorize Sale of Promissory Note were served via U.S. mail, postage prepaid upon:

Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, Virginia 22314

Tung V. Pham, President and Registered Agent
Applied Innovation Group, Inc.
1867 Little Orchard Street
San Jose, California 95125

and to all other creditors and parties in interest on the attached service list.[5]

/s/ Alexander M. Laughlin
Alexander M. Laughlin

13477540.3

[5] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not be served on each of the parties, but is attached to the original Certificate of Service filed with the Court.